# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYRA PAREDES NINO, Individually and as Wife of Decedent Jose Alfredo Yanez Reyes; J.A.Y.P; J.R.Y.P., Minors by MAYRA PAREDES NINO, their Guardian ad Litem.<br><br>                     Plaintiffs,<br>vs.<br>UNITED STATES OF AMERICA, and DOES 1 through 25, inclusive,<br><br>                     Defendants. | CASE NO. 13cv0469 WQH (BGS)<br><br>**ORDER** |

HAYES, Judge:

      The matters before the Court are the Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF No. 43) and the Ex Parte Application Requesting Permission to Submit Evidence in Defendant's Reply Brief Responding to Plaintiffs' Opposition Evidence (ECF No. 50) filed by Defendant United States of America.

## I. Background

      On February 27, 2013, Plaintiffs Mayra Paredes Nino ("Nino"), individually and as wife of Decedent Jose Alfredo Yanez Reyes ("Yanez"); and JY and RY, minors by Plaintiff Nino, their Guardian *ad Litem*, initiated this action by filing the Complaint. (ECF No. 1). On August 26, 2013, Defendant United States of America filed a motion to dismiss. (ECF No. 9). On September 26, 2013, with the motion to dismiss pending, Plaintiffs and the United States filed a joint motion to amend the Complaint. (ECF No.

13).  On October 4, 2013, Plaintiffs filed the First Amended Complaint ("FAC").  (ECF No. 17).  On November 15, 2013, Defendants United States, Department of Homeland Security ("DHS"), United States Customs and Border Protection ("CBP"), and United States Border Patrol ("Border Patrol") (collectively "Government Defendants") filed a motion to dismiss pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure.  (ECF No. 27).

On March 13, 2014, the Court granted the Government Defendants' motion to dismiss.  (ECF No. 32).  The Court dismissed Plaintiffs' second, third, fourth, fifth, sixth, and seventh claims for relief—all brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens* claims")—to the extent they were brought against the Government Defendants or federal employee Defendants in their official capacities.  *Id.* at 8-9.  The Court found that these claims were barred by sovereign immunity because the FAC "fails to show an 'unequivocal waiver of immunity.'" *Id.* at 9 (citing *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987)).  The Court also dismissed Plaintiffs' first claim for relief against the Government Defendants for violation of the law of nations on sovereign immunity grounds.

On April 14, 2014, Plaintiffs filed the Second Amended Complaint ("SAC"), which is the operative pleading.  (ECF No. 33).  The SAC names the United States as a Defendant and asserts the following claims for relief: (1) violation of the law of nations under the Alien Tort Statute ("ATS"); (2) wrongful death under the Federal Tort Claims Act ("FTCA") and California Code of Civil Procedure section 377.60-62; and (3) emotional distress under the FTCA and California Common Law.  On April 28, 2014, Defendant United States filed a motion to dismiss the SAC pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (ECF No. 34).

On October 6, 2014, the Court issued an Order granting in part and denying in part Defendant's motion to dismiss.  (ECF No. 37).  The Court denied Defendant's motion to the extent Defendant sought dismissal for lack of subject matter jurisdiction

based on the Federal Tort Claims Act's ("FTCA") foreign country exception.[1] The Court found that the foreign country exception contentions had "not been properly raised in the present motion to dismiss" and that Defendant "raises no contentions specific to the SAC, the operative pleading." *Id.* at 14.

On December 16, 2014, Defendant filed the Motion to Dismiss Plaintiffs' Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 43). On January 3, 2015, Plaintiffs filed an opposition, wherein Plaintiffs requested a continuance and opportunity to counter evidence submitted by Defendant. (ECF No. 44). On January 11, 2015, Defendants filed a reply. (ECF No. 46).

On January 16, 2015, the Court issued an Order, stating that "Plaintiffs shall have until Monday, February 2, 2015 to file any evidence in opposition to Defendant's Motion to Dismiss. Defendant shall have until Monday, February 9, 2015 to file a reply limited to legal argument." (ECF No. 47 at 3). On February 2, 2015, Plaintiffs filed a supplemental opposition. (ECF No. 48). On February 9, 2015, Defendant filed a reply with evidence (ECF No. 49), accompanied by the Ex Parte Application Requesting Permission to Submit Evidence in Defendant's Reply Brief Responding to Plaintiffs' Opposition Evidence (ECF No. 50). On February 27, 2015, the Court heard oral argument on the Motion to Dismiss Plaintiffs' Second Amended Complaint. (ECF No. 52).

## II. Contentions of the Parties

Defendant moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1). First, Defendant moves to dismiss Plaintiffs' second claim for wrongful death pursuant to the foreign country exception to the FTCA, on the ground that Yanez died on Mexican soil. Second, Defendant moves to dismiss Plaintiffs' third claim for emotional distress pursuant to the foreign country exception to the FTCA, on the ground that Plaintiffs personally witnessed Yanez's death while standing on

---

[1] The FTCA's foreign country exception provides: "The provisions of this chapter and section 1346(b) of this title shall not apply to ... [a]ny claim arising in a foreign country." 28 U.S.C. § 2680(k).

Mexican soil. Finally, Defendant moves to dismiss claims asserted by Plaintiff Nino on the ground that Plaintiff Nino lacks standing to sue on behalf of Yanez's estate. Defendant contends that Plaintiff Nino is not Yanez's wife, heir, personal representative, or successor in interest.

Plaintiffs contend that this motion is barred by collateral estoppel because the Court ruled on October 7, 2014 that the SAC states valid claims for relief. Plaintiffs contend that Yanez's death occurred on United States soil. Plaintiffs contend that the foreign country exception to the FTCA does not apply to this case because Defendant trained its officers on United States soil. Plaintiffs contend that Plaintiff Nino may assert claims as the guardian ad litem to Yanez's children and as a "qualified domestic partner [of Yanez] under Mexican law." (ECF No. 44 at 9). Plaintiffs request leave to amend to clarify facts alleged in the SAC in the event that the Court rules in Defendant's favor.

**III. Discussion**

**A. Plaintiff Nino's Standing**

Defendant moves to dismiss claims asserted by Plaintiff Nino on the ground that Plaintiff Nino "has no standing to sue as an heir due to the fact that the evidence shows the decedent was married to someone else." (ECF No. 43 at 2). First, Defendant contends that Plaintiff Nino lacks standing to sue as Yanez's personal representative. Specifically, Defendant contends that Plaintiff Nino, alleged to be Yanez's common law wife, cannot be Yanez's personal representative because she is not Yanez's surviving spouse. Second, Defendant contends that Plaintiff Nino lacks standing to sue as Yanez's successor in interest because Plaintiff Nino failed to file a declaration under penalty of perjury pursuant to California Code of Civil Procedure section 377.32(a) and a copy of Yanez's death certificate.

Plaintiffs contend that Plaintiff Nino may assert claims as the guardian *ad litem* to Yanez's children. Plaintiffs contend that Plaintiff Nino is Yanez's qualified domestic partner under Mexican law and may therefore assert claims on behalf of Yanez's estate.

Plaintiffs assert that they can provide proof of Plaintiff Nino's standing "within the discovery process." (ECF No. 44 at 9-10).

### i. 12(b)(1) Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal on grounds that the court lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). The burden is on the plaintiff to establish that the court has subject matter jurisdiction over an action. *Assoc. of Med. Colls. v. United States,* 217 F.3d 770, 778-779 (9th Cir. 2000). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

In a facial attack, the Court should "assume [the plaintiff's] allegations to be true and draw all reasonable inferences in his favor." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). However, the pleading standards of *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) are applicable. *See Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012) (noting that the "district court may require more specific pleading" where jurisdictional allegations are "implausible") (citing *Iqbal*, 556 U.S. at 679); *Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012) ("Where a defendant claims only that 'the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction,' ... [w]e ... determine whether the complaint alleges 'sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face.'") (citing *Iqbal*, 556 U.S. at 678).

### ii. Analysis

Because Defendant challenges the sufficiency of the allegations of the SAC and does not present evidence on Plaintiff Nino and Yanez's relationship, this is a facial jurisdictional attack. *Safe Air for Everyone*, 373 F.3d at 1039. In this case, the SAC alleges that Plaintiff Nino "was the common law wife, now widowed, of [Yanez]. As legal wife of Decedent under applicable common law and as beneficiary of provisions of C.C.P. Section 377.60(b), she survives as his legal beneficiary to these claims and, thus, is entitled to bring this claim in his stead." (ECF No. 33 at 2).

28 U.S.C. section 1346(b)(1), as part of the FTCA, provides:

> Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). "Section 1346(b) grants the federal district courts jurisdiction over a certain category of claims for which the United States has waived its sovereign immunity and 'render[ed]' itself liable." *F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994) (citing *Richards v. United States*, 369 U.S. 1, 6 (1962)). "A claim comes within this jurisdictional grant—and thus is 'cognizable' under § 1346(b)—if it is actionable under § 1346(b). And a claim is actionable under § 1346(b) if it alleges[,]" all of the elements of section 1346(b), including that the claim arose "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* (quoting 28 U.S.C. § 1346(b)). Plaintiff Nino must have a cognizable claim under California law in order to invoke this Court's jurisdiction pursuant to section 1346(b) of the FTCA.

California Code of Civil Procedure section 377.60(a) provides that "[a] cause of action for the death of a person caused by the wrongful act or neglect of another may

be asserted by any of the following persons or by the decedent's personal representative on their behalf: (a) The decedent's surviving spouse, domestic partner, children, and issue of deceased children, or, if there is no surviving issue of the decedent, the persons, including the surviving spouse or domestic partner, who would be entitled to the property of the decedent by intestate succession." Cal. Code Civ. Proc. § 377.60(a). Subsection (b) provides that "the putative spouse, children of the putative spouse, stepchildren, or parents" may bring a wrongful death action "if they were dependent on the decedent." Cal. Code Civ. Proc. § 377.60(b). Subsection (b) defines "putative spouse" as "the surviving spouse of a void or voidable marriage who is found by the court to have believed in good faith that the marriage to the decedent was valid." *Id.*

The Court finds that the allegations of the SAC are insufficient to permit the inference that Plaintiff Nino, through a common law marriage, is Yanez's "putative spouse," as defined by California Code of Civil Procedure section 377.60(b). The SAC fails to allege facts showing that Plaintiff Nino "believed in good faith that the marriage to the decedent was valid[,]" when neither Mexico nor California recognize common law marriages. Cal. Code Civ. Proc. § 377.60(b); *Rosales v. Battle*, 113 Cal. App. 4th 1178, 1183-84 (2003) ("There are three types of unions between a man and woman in Mexico: civil marriages, unions performed by religious authorities, and concubinages.... [C]oncubinage is not equivalent to a common law marriage because it does not confer on the parties all of the rights and duties of marriage."); *Estate of Edgett*, 111 Cal. App. 3d 230, 232 (1980) ("California does not accept the doctrine of common law marriage abolished in California by statute in 1895."). Defendant's motion to dismiss Plaintiff Nino's claims is granted to the extent Plaintiff asserts claims as "legal wife" of Yanez or as "a beneficiary of provisions of C.C.P. 377.60(b)." (ECF No. 33 at 2).

Defendant's motion is denied to the extent Defendant moves to dismiss Plaintiff Nino's claims as an individual or as guardian *ad litem* to Plaintiffs JY and RY.

**B. Jurisdictional Discovery and Supplemental Briefing**

With respect to the issues of whether the foreign country exception bars Plaintiffs' claims, the motion shall remain pending. The parties are granted ninety days of jurisdictional discovery from the date this Order is filed, in order to address any factual issues relevant to jurisdiction in light of the foreign country exception to the FTCA. No later than Monday, June 22, 2015, Defendant shall file a supplemental brief addressing the application of the foreign country exception with any supporting evidence. Defendant shall address whether factual jurisdictional issues related to the foreign country exception are intertwined with factual issues going to the merits. Defendant shall also address what standard applies if the facts are intertwined, and what standard applies if the facts are not intertwined. No later than Monday, July 6, 2015, Plaintiffs shall file an opposition brief with any supporting evidence and responding to the legal issues identified above. No later than Monday, July 13, 2015, Defendant may file a reply brief limited to legal argument.

**C. Ex Parte Application Requesting Permission to Submit Evidence in Defendant's Reply Brief Responding to Plaintiffs' Opposition Evidence (ECF No. 50)**

Because the Court is granting the parties jurisdictional discovery, followed by supplemental briefing, Defendant's ex parte application is denied as moot.

**IV. Conclusion**

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF No. 43) is GRANTED in part and DENIED in part, and only with respect to Plaintiff Nino's standing. Defendant's motion is GRANTED to the extent Plaintiff asserts claims as legal wife of Yanez or pursuant to California Code of Civil Procedure section 377.60(b). Defendant's motion is DENIED to the extent Defendant moves to dismiss Plaintiff Nino's claims as an individual or as guardian *ad litem* to Plaintiffs JY and RY. Plaintiffs may file a motion for leave to amend the Second Amended Complaint, accompanied by a proposed third amended complaint, no later than **thirty (30) days** from the date this Order is filed.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF No. 43) shall remain pending on issues related to the foreign country exception.

IT IS FURTHER ORDERED that the parties are granted ninety days of jurisdictional discovery from the date this Order is filed in order to address factual issues relevant to jurisdiction in light of the foreign country exception to the FTCA. No later than Monday, June 22, 2015, Defendant shall file a supplemental brief addressing the application of the foreign country exception with any supporting evidence. Defendant shall address whether factual jurisdictional issues related to the foreign country exception are intertwined with factual issues going to the merits. Defendant shall also address what standard applies if the facts are intertwined, and what standard applies if the facts are not intertwined. No later than Monday, July 6, 2015, Plaintiffs shall file an opposition brief with any supporting evidence and responding to the legal issues identified above. No later than Monday, July 13, 2015, Defendant may file a reply brief limited to legal argument.

IT IS FURTHER ORDERED that the Ex Parte Application Requesting Permission to Submit Evidence in Defendant's Reply Brief Responding to Plaintiffs' Opposition Evidence (ECF No. 50) is DENIED as moot.

DATED: March 6, 2015

**WILLIAM Q. HAYES**
United States District Judge