**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAYRA PAREDES NINO, Individually and as Wife of Decedent Jose Alfredo Yanez Reyes; JY and RY, Minors by MAYRA PAREDES NINO, their Guardian ad Litem.<br><br>        Plaintiffs,<br>vs.<br>UNITED STATES OF AMERICA, and DOES 1 through 25, inclusive,<br>        Defendants. | CASE NO. 13cv0469 WQH (BGS)<br><br>**ORDER** |

HAYES, Judge:

  The matter before the Court is the Motion to Dismiss for Lack of Subject Matter Jurisdiction, or, in the Alternative, for Judgment on the Pleadings (ECF No. 69) filed by Defendant.

**I. Background**

  On February 27, 2013, Plaintiffs Mayra Paredes Nino ("Nino"), individually and as wife of Decedent Jose Alfredo Yanez Reyes ("Yanez"); and JY and RY, minors by Plaintiff Nino, their Guardian *ad Litem*, initiated this action by filing the Complaint. (ECF No. 1). On April 14, 2014, Plaintiffs filed the Second Amended Complaint. (ECF No. 33). On May 11, 2016, Plaintiffs filed the Third Amended Complaint ("TAC"). (ECF No. 67).

  On June 8, 2016, Defendant filed the Motion to Dismiss for Lack of Subject Matter Jurisdiction, or, in the Alternative, for Judgment on the Pleadings. (ECF No.

1  69). On June 27, 2016, Plaintiffs filed an opposition. (ECF No. 70). On July 1, 2016, Defendant filed a reply. (ECF No. 71).

## II. Allegations of the TAC

"At dusk on June 21, 2011, Yanez and Jose Ibarra-Murrieta ("Murrieta") crossed the border from Mexico to the United States together." (ECF No. 67 at 4). Yanez and Murrieta entered the United States through a hole in the primary border fence abutting Mexico. *Id.* Yanez and Murrieta encountered Border Patrol Agents Diaz and Nelson shortly after Murrieta led the two through the hole in the primary border fence, and Murrieta got into a physical altercation with Nelson. *Id.* While Murrieta and Nelson "grappl[ed]" on the ground near the primary fence, "Yanez climbed into a tree that leaned against the southern side of the primary fence[.]" *Id.* at 5.

Plaintiffs allege that Diaz wrongfully shot and killed Yanez as he was sitting in a tree overlooking the border. *Id.* at 6. The Agents contends that just prior to the shooting, "Yanez threw two rocks (per Agent Nelson) or one or possibly two rocks (per Agent Diaz) at Agent Nelson." *Id.* at 5. Murietta contends that just prior to the shooting, "Yanez yelled that he was going to use his cellphone to take video and pictures of the beating [of Murietta]. Upon hearing Yanez's threat to record the Agents' attack on Murietta, Agent Diaz stopped beating Murietta, stood up, and, without warning or provocation, shot Yanez in the head." *Id.* at 7.

Plaintiffs allege that the Agents acted pursuant to an "unlawful Rocking Policy," under which "Border Patrol agents along the southern border regularly use excessive, lethal force against persons of perceived Hispanic descent and Mexican nationality." *Id.* at 9. Plaintiffs allege that "Defendant also has knowingly failed to provide for adequate training of Border Patrol agents concerning the proper use of force[,]" and that "Defendants' failures constituted a willful tolerance of and deliberate indifference to conditions that they knew and had reason to know would lead to the use of excessive, lethal force." *Id.* at 18-19. Plaintiffs allege that "Defendant caused injury and damage to Plaintiffs by participating in the unlawful conduct[,] . . . being deliberately indifferent

to Yanez's rights[,] and ratifying the unlawful conduct that occurred by agents under their direction and control, including failing to take remedial or disciplinary action." *Id.* at 19-20.

Plaintiffs assert a claim for wrongful death under the Federal Tort Claims Act ("FTCA") and a claim under the California Civil Procedure Code §§ 377.60-62. Plaintiffs allege that "[t]he Agents had actual or constructive knowledge that their actions would likely cause death, and each of the Agents had actual or constructive knowledge that his actions or omissions were wrongful." *Id.* at 20. Plaintiffs also assert a claim for emotional distress under the FTCA and a claim under "California Common Law[.]" *Id.* at 21. Plaintiffs allege they "had a close relationship with decedent; each was present at the scene of the incident and was then aware that the incident was causing unspeakable injury to the victim; and as a result of their perception, each suffered serious and severe emotional distress." *Id.*

**III. Discussion**

Defendant moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) on the ground that the Court lacks subject matter jurisdiction over Plaintiffs' common law tort and constitutional law claims, as well as claims relating to deliberate indifference, to the extent that the claims are based on an alleged failure to train, supervise, and discipline agents and their supervisors. Defendant also moves to dismiss Plaintiffs' claims for punitive damages for lack of subject matter jurisdiction, or to strike those claims pursuant to Federal Rule of Civil Procedure 12(f). Alternatively, Defendant moves for judgment on the pleadings on the two claims pursuant to Federal Rule of Civil Procedure 12(c).

**A. Motions to Dismiss Common Law Tort and Constitutional Claims for Lack of Subject Matter Jurisdiction and for Judgment on the Pleadings**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal on grounds that the court lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). The burden is on the plaintiff to establish that the court has subject

matter jurisdiction over an action. *Assoc. of Med. Colls. v. United States,* 217 F.3d 770, 778-779 (9th Cir. 2000). "A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

A motion for judgment on the pleadings is governed by Federal Rule of Civil Procedure 12(c), which states, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgement on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quotation omitted). "Analysis under Rule 12(c) is substantially identical to analysis under [Federal] Rule [of Civil Procedure] 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Id.* (quotation omitted). If a court grants judgement on the pleadings, it is a decision on the merits. *See General Conf. Corp. of Seventh-Day Adventists v. Seventh-Day Adventists Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989).

Defendant contends that this Court lacks subject matter jurisdiction over Plaintiffs' common law tort claims, any claims resulting from Constitutional violations, and claims relating to deliberate indifference "to the extent they are based on an alleged failure to train, supervise and discipline agents and their supervisors[.]" (ECF No. 69 at 1-2). Defendant contends that Plaintiffs' common law tort claims "based on the government's purported failure to train, supervise and discipline its employee Border Patrol agents" are barred by the discretionary function exception of the FTCA in 28 U.S.C. § 2680(a). *Id.* at 2. Defendant contends that "the claims must be dismissed for

lack of subject matter jurisdiction" because the exception applies. *Id.*

Plaintiffs contend that "[t]he Ninth Circuit has rejected Defendant's arguments concerning 'training, supervision and discipline' claims." (ECF No. 70 at 2). Plaintiffs contend that "[t]here are no constitutional claims pending before this Court" and that references in the TAC to "the term 'deliberate indifference' [are] meant merely to emphasize the egregious conduct described in the underlying complaint." *Id.*

The FTCA "waives federal sovereign immunity from tort claims brought in federal district court." *Lehner v. United States*, 685 F.2d 1187, 1189 (9th Cir. 1982). The FTCA "includes a number of exceptions to this broad waiver of sovereign immunity[,]" including an exception for "'[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.'" *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536 (1988) (quoting 28 U.S.C. § 2680(a)). This exception to the FTCA's general waiver of liability "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." *United States v. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 808 (1984). "The exception covers only acts that are discretionary in nature, acts that 'involv[e] an element of judgment or choice[.]'" *United States v. Gaubert*, 499 U.S. 315, 322 (1991) (citing *Berkovitz*, 486 U.S. at 536). "[T]he basic inquiry concerning the application of the discretionary function exception is whether the challenged acts of a Government employee—whatever his or her rank—are of the nature and quality that Congress intended to shield from tort liability." *Empresa*, 467 U.S. at 813.

Defendant has not moved the Court to dismiss the entirety of either of Plaintiffs' claims for lack of subject matter jurisdiction, nor has Defendant moved to strike specific portions of Plaintiffs' TAC based on the application of the discretionary function exception. The Court has determined that Plaintiffs have adequately plead wrongful

death and emotional distress claims in this action. (ECF No. 61 at 13, 15) (denying Defendant's motion to dismiss Plaintiffs' wrongful death and emotional distress claims). Allegations in the TAC that infer failure to train, failure to supervise, and failure to discipline do not form the basis of the claims for wrongful death and emotional distress. The relevance of any evidence of failure to train, failure to supervise, and failure to discipline may be examined by filing motions *in limine*.

Defendant's motions to dismiss claims for lack of subject matter jurisdiction and for judgment on the pleadings is denied.[1] *See Enplas Display Device Corp. v. Seoul Semi. Comp., Ltd.*, No. 13-cv-05038 NC, 2015 WL 9303980, at *3 (N.D. Cal. Dec. 22, 2015) (finding that "[b]ecause at this stage, the Court has a limited view of the case as the parties intend to present [evidence], the Court finds that such careful carving . . . is more appropriate for a motion in limine."); *United Airlines, Inc. v. United States*, No. 95 C 304, 1995 WL 758187, at *2 (N.D. Ill. Dec. 18, 1995) (overruling "Defendant's suggestion that this court lacks subject matter jurisdiction over a portion of the claims in this action[.]").

**B. Punitive Damages**

Defendant contends that punitive damages are not recoverable in an FTCA action. (ECF No. 69-1 at 10). Defendant contends that the Court lacks subject matter jurisdiction over Plaintiffs' claim for punitive damages because punitive damages are barred by 28 U.S.C. § 2674, and alternatively Defendant moves to strike Plaintiffs' claim for punitive damages pursuant to Fed. R. Civ. P. 12(f). (ECF No. 69 at 2). Defendant contends that the case law cited by Plaintiffs in their opposition "did not suddenly make punitive damages available[,]" and that the Court "merely disagreed

---

[1] The Court denies Defendant's motions to dismiss Plaintiffs' purported constitutional claims and claims relating to deliberate indifference for lack of subject matter jurisdiction and for judgment on the pleadings. *See* ECF No. 69-1 at 9-10. While the TAC does include the term "deliberative indifference[,]" Plaintiffs state they have not brought constitutional claims in the TAC. (ECF No. 67 at 19, 20). *See also* ECF No. 70 at 2 ("[t]here are no constitutional claims pending before this Court, as such would invariably invoke *Bivens* and might cause certain elements of the complaint to be judicially barred.").

with the Government's assertion that district courts must limit compensatory damages under the FTCA when the award might, incidentally, have a punitive effect ." (ECF No. 71 at 7).

Plaintiffs contend that "[w]hile it is technically true that the United States may not bear liability for punitive damages as such are labeled under common law; the Supreme Court has liberally permitted damages that were substantially greater than a plaintiff's actual loss, as long as the damages were not intended merely to punish the defendant for intentional actions. (ECF No. 70 at 2) (citing *Molzof v. United States*, 502 U.S. 301, 305-06 (1992)).

The FTCA prohibits any award of punitive damages: "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment *or for punitive damages*." 28 U.S.C. § 2674 (emphasis added). In *Molzof*, the Supreme Court found that "Section 2674 prohibits awards of punitive damages, not damages awards that may have a punitive effect." 502 U.S. at 306 (internal quotation marks omitted). The Court noted that

> The statutory language [of the FTCA] suggests that to the extent a plaintiff may be entitled to damages that are not legally considered punitive damages, but which are for some reason above and beyond ordinary notions of compensation, the United States is liable in the same manner and to the same extent as a private individual.

*Id.* at 308 (internal quotation marks omitted). The FTCA continues to bar recovery "of what are *legally* considered 'punitive damages' under traditional common-law principles." *Id.* at 312. Defendant's Motion to Dismiss Plaintiffs' claims for punitive damages is granted.

///

**IV. Conclusion**

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, or, in the Alternative, for Judgment on the Pleadings (ECF No. 69) is granted in part and denied in part. Plaintiffs' claims for punitive damages are dismissed. All other claims shall remain pending.

DATED: September 27, 2016

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge