FILED

18 MAR -9 AM 11: 20

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MAYRA PAREDES NINO, individually and as wife of decedent Jose Alfredo Yanez Reyes; and JY and RY, minors, by Mayra Paredes Nino, their guardian ad litem,<br><br>                                        Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                                        Defendant. | Case No.:  13-cv-0469-WQH-BGS<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Summary Judgment and Exclusionary Sanctions (ECF No. 84) filed by Defendant United States of America.

## I.      Background

On May 11, 2016, Plaintiffs Mayra Paredes Nino, JY, and RY filed the Third Amended Complaint (the "TAC") (ECF No. 67) against Defendant United States of America.  The TAC brings claims for wrongful death and emotional distress stemming from an incident during which Border Patrol Agent Dorian Diaz allegedly shot and killed Jesus Alfredo Yañez Reyes ("Yañez") near the border of the United States and Mexico.

TAC at ¶¶ 64–73.  On October 16, 2017, the United States filed the Motion for Summary Judgment and Exclusionary Sanctions (ECF No. 84).[1]  On October 18, 2017, the Court issued an Order (ECF No. 86) vacating the dates that had been set for the final pretrial conference and the filing of the parties' proposed final pretrial conference order.  On November 6, 2017, Plaintiffs filed an Opposition to the Motion for Summary Judgment and Exclusionary Sanctions.  (ECF No. 87).  On November 13, 2017, the United States filed a Reply in Support of the Motion for Summary Judgment and Exclusionary Sanctions.  (ECF No. 88).[2]  The Court held oral argument on the Motion for Summary Judgment and Exclusionary Sanctions (ECF No. 84) on February 28, 2018.  (ECF No. 90).

## II.  Motion to Exclude

### A.  Background

Plaintiffs' counsel executed a document titled Plaintiffs' Initial Disclosures FRCP 26(a)(1) on October 13, 2016.  (ECF 87-13).  Plaintiffs' Initial Disclosures identify eighteen sources of documentary evidence.  *Id.* at 5–6.  Plaintiffs' Initial Disclosures do not reference *Maria Del Socorro Quintero Perez et al. v. Fisher et al.*, 13-cv-1417-WQH-BGS ("*Perez*"), another case involving Yañez's death.  *See id.*

On November 3, 2016, United States Magistrate Judge Bernard G. Skomal issued a Scheduling Order (ECF No. 76) setting discovery deadlines in this case.  The Scheduling Order stated

> The parties shall designate their respective experts in writing by March 17, 2017. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. . . .

[1] The United States attached a Request for Judicial Notice (ECF No. 84-4) to the Motion for Summary Judgment and Exclusionary Sanctions (ECF No. 84).  The Request for Judicial Notice (ECF No. 84-4) is GRANTED.

[2] The United States attached a Motion to Strike Evidence Offered in Plaintiffs' Opposition (ECF No. 88-2) to its Reply in Support of the Motion for Summary Judgment and Exclusionary Sanctions (ECF No. 88).  The Motion to Strike Evidence Offered in Plaintiffs' Opposition (ECF No. 88-2) is DENIED without prejudice.

> By May 5, 2017, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. . . . [A]ny party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.

(ECF No. 76 at 2). The United States contends, and Plaintiffs do not dispute, that Plaintiffs "failed to designate any expert witnesses, and they failed to serve any expert reports." ECF No. 84-1 at 11; *see* ECF No. 87.

The United States served Plaintiffs with a document titled Requests for Production of Documents to Plaintiff Mayra Paredes Nino on January 10, 2017. (ECF No. 84-5 at 197–206). Plaintiffs' counsel executed a document titled Responses to Requests for Production of Documents to Plaintiff Mayra Paredes Nino on March 3, 2017. *Id.* at 207–220. Plaintiffs' Responses to Requests for Production states that Plaintiffs support their claims with "[a]ll previously propounded discovery devises (including deposition transcripts) existing in the companion *Perez* case." *Id.* at 208. The United States contends, and Plaintiffs do not dispute, that Plaintiffs only actually produced three documents: Yañez's autopsy report and the birth certificates of JY and RY. *See* ECF No. 84-1 at 11; ECF No. 87.

The docket reflects that the United States has not filed any motions to compel the production of evidence.

Plaintiffs attached the following evidence concerning Yañez's death to their Opposition to the Motion for Summary Judgment and Exclusionary Sanctions (ECF No. 87): a declaration executed by Plaintiffs' counsel (ECF No. 87-1), four depositions taken in *Perez* (ECF Nos. 87-2, 87-3, 87-4, and 87-10), pictures of a border patrol agent produced in *Perez* (ECF No. 87-5), two expert reports submitted in *Perez* (ECF Nos. 87-6 and 87-8), and a memorandum from the Chief of the Border Patrol on the "Use of Safe Tactics and Techniques" also produced in *Perez* (ECF No. 87-11).

## B. Contentions

The United States contends that Plaintiffs should be barred from submitting evidence in opposition to the Motion for Summary Judgment and Exclusionary Sanctions (ECF No. 84) and at trial, citing Federal Rules of Civil Procedure 26, 34, and 37; Local Rule 83.1; case law; and the Scheduling Order (ECF No. 76). (ECF No. 84-1 at 11–17). Plaintiffs contend that they should not be barred from submitting evidence because their failure to produce additional evidence was harmless. ECF No. 87 at 6 ("[N]o conceivable issue of prejudice exists."). Plaintiffs contend that their failure to produce additional evidence was harmless because the evidence that they seek to introduce is in the possession of the United States and they "advised [the United States] on a consistent basis of their intent to use *Perez* discovery for [this] case." *Id.* at 4. Plaintiffs also contend that they should not be barred from submitting evidence because (1) "[the United States] never engaged in any compliant 'meet and confer' process in making discovery demands," *id.*; (2) less extreme remedies are available, *id.* at 6; and (3) "Plaintiffs were substantially justified in economizing on deliveries in order to avoid double expenditure of time, effort and money with the *Perez* group," *id.* at 7.

## C. Applicable Law

Under Federal Rule of Civil Procedure ("Rule") 26(a)(1)(A)(ii),

> [A] party must, without awaiting a discovery request, provide to the other parties a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

Rule 26(a)(2) provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705 [and] . . . this disclosure must be accompanied by a written report."

Rule 34 provides that parties served with a request for production can respond by either (1) "stat[ing] that inspection and related activities will be permitted as requested," (2) "stat[ing] with specificity the grounds for objecting to the request," or (3) "stat[ing] that

4

it will produce copies of documents or of electronically stored information instead of permitting inspection." *Id.* at 34. "The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." *Id.*

Rule 37(b)(2)(A)(ii) provides that "If a party . . . fails to . . . provide or permit discovery . . . the court . . . may . . . prohibit[] the disobedient party . . . from introducing designated matters in evidence." Under Rule 37(c)(1),

> If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

United States District Court Southern District of California Local Rule 83.1 provides that "Failure of counsel or of any party to comply with . . . the Federal Rules of Civil or Criminal Procedure . . . may be grounds for imposition by the court of any and all sanctions authorized by statute or rule or within the inherent power of the court . . . ."

**D.    Analysis**

Rule 26(a)(2)(A) provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Rule 26(a)(2)(B) requires "this disclosure [to] be accompanied by a written report." The Scheduling Order stated

> By May 5, 2017, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. . . . [A]ny party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.

(ECF No. 76 at 2). The United States contends, and Plaintiffs do not dispute, that Plaintiffs "failed to designate any expert witnesses, and they failed to serve any expert reports." ECF No. 84-1 at 11; *see* ECF No. 87. Plaintiffs contend that they "were substantially justified in economizing on deliveries in order to avoid double expenditure of time, effort and money with the *Perez* group." (ECF No. 87 at 7) The Court finds that Plaintiffs' effort to

minimize expenditures do not qualify as "substantial justification" for their failure to comply with Rule 26(a)(2). (ECF No. 76 at 2). Accordingly, the Court excludes the Expert Report of David E. Balash (ECF No. 87-6) and the Expert Report of Jack Smith (ECF No. 87-8).

Under Rules 26(a)(1)(A)(ii) and 37(c)(1), the Court must exclude evidence that a party seeks to introduce to support its claims (and not for impeachment) if the party had that evidence in its possession and did not provide it to the opposing party or describe it by category and location in its initial discovery disclosure, unless the party's failure to do so was substantially justified or harmless. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii), 37(c)(1). The Court finds that Plaintiffs' failure to produce the evidence from *Perez*, or describe it by category and location in their initial discovery disclosure was harmless considering the evidence from *Perez* was already in the possession of the United States and Plaintiffs informed the United States that they intended to use that evidence. *See* ECF No. 84-5 at 208. Accordingly, the Court denies the United States' motion to exclude evidence under Rule 37(c)(1).

Under Rule 37(b)(2)(A)(ii), the Court may exclude Plaintiffs' evidence based on their failure to produce it. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii). However, the Court is not required to do so. *See id.* The United States does not dispute that it is in the possession of much of the evidence that Plaintiffs seek to introduce as a result of the discovery proceedings in *Perez*. Plaintiffs informed the United States that they intended to introduce this evidence in their Responses to the United States' Requests for Production. (ECF No. 84-5 at 208). Furthermore, the United States has not filed any motions to compel. The Court declines to exercise its discretion to exclude any evidence under Rule 37(b)(2)(A)(ii).

## III. Motion for Summary Judgment

The United States moves for summary judgment on the grounds that "[b]ased on Plaintiffs' failure to conduct discovery or designate any experts . . . any evidence Plaintiffs may wish to present in opposition should be excluded under Federal Rules of Civil Procedure 26, 34 and 37," and therefore "[Plaintiffs] will be unable to raise a triable issue

6

1  of fact with respect to the reasonableness of Agent Diaz's actions[] or the applicability of

2  the [Federal Tort Claims Act ("FTCA's")] foreign country exception." (ECF No. 84 at 2).

3  The Court has granted the United States' motion to exclude the Expert Reports of David

4  E. Balash and Jack Smith (ECF Nos. 87-6, 87-8), and denied it in all other respects. *See*

5  Part II, *supra*. Accordingly, the United States is not entitled to summary judgment on the

6  grounds that Plaintiffs will not be able to raise any triable issues of fact because all of the

7  evidence that Plaintiffs wish to present is excluded.

8        The United States also moves for summary judgment on the grounds that "[t]he

9  Court's factual findings made in the *Perez* case support the dismissal of this entire action

10  based on the fact Agent Diaz's use of force against Yañez was reasonable." (ECF No. 84

11  at 2). The Court granted summary judgment in *Perez* after analyzing the evidence on the

12  record in *Perez* and concluding that "whether [the plaintiffs' *Bivens*] action should be

13  allowed is a decision for the Congress to make, not the courts" and that Diaz was entitled

14  to qualified immunity. *Perez*, ECF No. 201. The Court did not make any findings of fact

15  in *Perez* that would bind the parties in this case. Accordingly, the United States is not

16  entitled to summary judgment based on the Court's decision in *Perez*.

17        The United States also moves for summary judgment on the grounds that the

18  evidence in this case establishes that (1) Diaz's use of force was reasonable and (2) the

19  foreign country exception to the FTCA bars Plaintiffs' claims. The Court finds that

20  supplemental briefing on these issues is necessary at this stage of the proceeding.

21  **IV.  Conclusion**

22        IT IS HEREBY ORDERED THAT:

23  (1) the United States' Motion for Exclusionary Sanctions, *see* ECF No. 84, is GRANTED

24      in that the Expert Report of David E. Balash (ECF No. 87-6) and the Expert Report of

25      Jack Smith (ECF No. 87-8) are HEREBY EXCLUDED and DENIED in all other

26      respects.

27  (2) the parties shall submit supplemental briefing on whether the United States is entitled

28      to summary judgment based on the evidence *in the record in this case* as follows:

13-cv-0469-WQH-BGS

(a) the United States shall submit a Supplemental Brief in Support of its Motion for Summary Judgment on or before March 26, 2018;

(b) Plaintiffs shall submit a Response to the United States Supplemental Brief on or before April 9, 2018; and

(c) the United States shall submit a Reply to Plaintiffs' Response on or before April 16, 2018.

(3) the United States' Motion for Summary Judgment, *see* ECF No. 84, will remain pending while the parties submit supplemental briefing.

DATED:   3/9/18

_____

WILLIAM Q. HAYES
United States District Judge